**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.

**GEORGE BRAUCHLER**, in his official and individual capacity; and
**DARREN WEEKLY**, in his official capacity;
    Plaintiffs,

v.

**JARED S. POLIS**, in his official capacity as Governor of Colorado,
**PHILIP J. WEISER**, in his official capacity as Attorney General of Colorado,
**STAN HILKEY**, in his official capacity as Executive Director of the Department of Public Safety; and
**MATT LUNN**, in his official capacity as Director of the Division of Criminal Justice.
    Defendants.

---

## COMPLAINT

---

Plaintiffs, George Brauchler in his official and individual capacities, and Darren Weekly in his official capacity, through undersigned counsel, hereby submits their Complaint against Defendants, Jared S. Polis, in his official capacity as Governor of Colorado (the "State"); Phil Weiser, in his official capacity as Attorney General of Colorado, Stan Hilkey, in his official capacity as Executive Director of the Department of Public Safety; and Matt Lunn, in his official capacity as Director of the Division of Criminal Justice, allege as follows:

### INTRODUCTION

1.    The Federal Government has created a specific nonimmigrant visa ("U-Visa") for aliens who are victims of specific crimes, have information about the crime, and assist in the arrest and prosecution of the perpetrators. 8 U.S.C. § 1101(U)(i).  The petition for a U-Visa "shall contain a certification from a Federal, State, or local law enforcement official, prosecutor, judge, or other Federal, State, or local authority investigating criminal activity . . ." 8 U.S.C.A. §

1

1184(C)(p)(1).

2. During the 2021 Legislative Session, as part of Colorado's long running efforts to proactively undermine federal immigration enforcement, the Colorado General Assembly adopted, House Bill 21-1060 (the "Act"), which seeks to interfere in the Federal Process whereby the state officials certify U-Visa applications. C.R.S. § 24-4.1-400 *et seq*. Specifically, this bill creates its own time requirements for how long state officials may consider applications, separate and apart from Federal Law. C.R.S. § 24-4.1-402. The bill eliminates the discretion that Federal law grants to certifying officials, restricts state officials from considering all factors required under federal law (specifically whether the applicant has **information** about the event), and essentially requires Colorado officials to approve applications except in a small minority of cases. C.R.S. § 24-4.1-403. Public officials in Colorado lack the freedom to make free and honest determinations of whether applicants have cooperated, the value of that cooperation to the criminal case, and are curtailed from communicating their honest opinions to the federal government. *Id*. These requirements are backed up by the threat of complaints and lawsuits from the Attorney General. C.R.S. § 24-4.1-303(17).

3. District Attorney Brauchler and Sheriff Weekly are longtime supporters of victim's rights. They believe that U-Visas are valuable tools in helping to secure accountability for offenders and justice for cooperating witnesses and victims. They have signed off on numerous qualified U-Visa applications. U-Visas are limited by Congress to 10,000 for the entire country each year. Together they bring this lawsuit because U-Visa slots are limited by statute and are intended to be preserved for those victims who have proactively, often at great risk and cost to themselves, suffered substantial harm and materially assisted in the arrest and prosecution

of criminals. The Act intends to flood the federal immigration system with certifications for applicants who are not qualified under federal law and denies more-deserving victims a greater opportunity to secure a U-Visa. Victims deserve to be treated with compassion and respect; the Act turns that on its head by taking a valuable tool to preserve victim's rights and perverting its intended use.

4. Further, "[i]f there is any fixed star in our constitutional constellation, it is that no official, high or petty, can prescribe what shall be orthodox in politics, nationalism, religion, or other matters of opinion or force citizens to confess by word or act their faith therein. If there are any circumstances which permit an exception, they do not now occur to us." *W. Virginia State Bd. of Educ. v. Barnette*, 319 U.S. 624, 642 (1943).

5. This state statute is clearly unconstitutional. "The manifest function of the First Amendment in a representative government requires that legislators be given the widest latitude to express their views on issues of policy. The central commitment of the First Amendment, as summarized in the opinion of the Court in *New York Times v. Sullivan*, 376 U.S. 254, 270 (1964), is that 'debate on public issues should be uninhibited, robust, and wide-open.'" *Bond v. Floyd*, 385 U.S. 116, 135–36 (1966).

6. Plaintiffs request the Court find the Act void as in violation of the United States Constitution.

## JURISDICTION AND VENUE

7. The jurisdiction of this Court in this matter arises under the constitution and Laws of the United States, including Article III, Section I, 28 U.S.C. § 1331, and 42 U.S.C. §§ 1983 and 1988.

3

8.    The Court has personal jurisdiction over the Defendants.

9.    Venue is proper in this Court under 28 U.S.C. § 1391(b) because at least one Defendant resides in this district and a substantial part of the acts or omissions giving rise to this action arose from events in this district.

**PARTIES**

10.    George Brauchler is the elected District Attorney for the Office of the District Attorney for the 23rd Judicial District of Colorado, a certifying official under 8 U.S.C.A. § 1184(C)(p)(1), a resident of the State of Colorado and the United States.

11.    Darren Weely is the elected Sheriff of Douglas County, a certifying official under 8 U.S.C.A. § 1184(C)(p)(1), a resident of the State of Colorado and the United States.

12.    Defendant Jared S. Polis, sued in his official capacity, is the Governor of Colorado and, in that capacity, signed HB21-1060 into law, has the power to enforce the laws of the State of Colorado, and is required by the Colorado Constitution to ensure that all laws of the state are faithfully executed.

13.    Defendant Philip J. Weiser, sued in his official capacity as the Attorney General of Colorado, has the power to sue to enforce the provisions of HB21-1060.

14.    Defendant Stan Hilkey, sued in his official capacity as Executive Director of the Department of Public Safety of Colorado, is an official appointed by Defendant Polis and has the power to refer a complaint to the Attorney General of Colorado, receives reports under HB21-1060, and oversees the Division of Criminal Justice who is required to enforce HB21-1060.

15.    Defendant Matt Lunn, sued in his official capacity as Director of the Division of Criminal Justice, is an official appointed by Defendant Polis and has the power to refer a

complaint to the Attorney General of Colorado, who is required to enforce HB21-1060.

**CONSTITUTIONAL AND STATUTORY BACKGROUND**

16.    The constitution entrusts Congress with the power to "establish an uniform Rule of Naturalization . . ." U.S. Const. art. I, § 8, cl. 4.

17.    The Supremacy Clause of the United States Constitution provides that "[t]his Constitution, and the Laws of the United States which shall be made in pursuance thereof … shall be the supreme Law of the Land … any thing in the Constitution or Laws of any State to the Contrary notwithstanding." Art. VI, cl. 2. Thus, a state enactment is invalid if it "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress," *Davidowitz*, 312 U.S. at 67, or if it "discriminate[s] against the United States or those with whom it deals," *South Carolina v. Baker*, 485 U.S. 505, 523 (1988).

18.    "The Government of the United States has broad, undoubted power over the subject of immigration and the status of aliens." *Arizona v. United States*, 567 U.S. 387, 394 (2012)(emphasis added).

19.    "Congress has specified which aliens may be removed from the United States and the procedures for doing so. . . A principal feature of the removal system is the broad discretion exercised by immigration officials." *Id* at 396.

20.    "State law must also give way to federal law in at least two other circumstances. First, the States are precluded from regulating conduct in a field that Congress, acting within its proper authority, has determined must be regulated by its exclusive governance." *Id*, at 399. "Second, state laws are preempted when they conflict with federal law." *Id*.

21.    Congress amended the Alien Registration Act in 1941 to create a "single

integrated and all-embracing system." *Hines v. Davidowitz*, 312 U.S. 52, 74 (1941).

22.    "Where Congress occupies an entire field, as it has in the field of alien registration, even complementary state regulation is impermissible." *Arizona*, at 401.  "States may not enter, in any respect, an area the Federal Government has reserved for itself . . ." *Id.*

## FACTS

### Federal Law

23.    So called "U" Visas are the creation of Victims of Trafficking and Violence Protection Act of 2000 (Pub.L. No. 106–387, § 1513, 114 Stat. 1464 (2000)); 8 U.S.C. § 1101(a)(15)(U).

24.    The stated purpose of the new classification is to strengthen the ability of law enforcement agencies to detect, investigate, and prosecute cases of domestic violence, sexual assault, trafficking of aliens, and other crimes described in section 101(a)(15)(U)(iii) of the Immigration and Nationality Act committed against aliens, while offering protection to victims of such offenses in keeping with the humanitarian interests of the United States (*Id.* at § 1513(a)(2)(A); *Romero-Hernandez v. D.C.*, 141 F. Supp. 3d 29, 32 (D.D.C. 2015)).

25.    The new classification "gives law enforcement officials a means to regularize the status of cooperating individuals during investigations or prosecutions." VICTIMS OF TRAFFICKING AND VIOLENCE PROTECTION ACT OF 2000, PL 106–386, October 28, 2000, 114 Stat 1464.

26.    Only a limited number of U Visas are available throughout the United States every year.  8 C.F.R. § 214.14.  "The total number of aliens who may be issued a U-1 nonimmigrant visa or granted U-1 nonimmigrant status may not exceed 10,000 in any fiscal year." 8 C.F.R. §

214.14(d)

27.     In order to be eligible for a U Visa, the applicant must demonstrate that they meet four (4) criteria:

     a.     That they suffered substantial physical or mental abuse as a result of being a victim of qualifying criminal activity;

     b.     That they possess information concerning the qualifying criminal activity;

     c.     That they have been helpful, are being helpful, or are likely to be helpful in the investigation and prosecution; and

     d.     That the qualifying criminal activity violated the law of the United States or occurred in the United States. *Id.*

28.     In order for the Secretary to make the determination, Federal regulations require that the application contain a certification from a local certifying official, signed within the six (6) months immediately preceding the application, that the above four (4) conditions exist. 8 C.F.R. § 214.14(c)(2)(i).

29.     A certifying agency is defined as "a Federal, State, or local law enforcement agency, prosecutor, judge, or other authority, that has responsibility for the investigation or prosecution of a qualifying crime or criminal activity." 8 C.F.R. § 214.14(a)(2)

30.     A certifying official is defined by federal regulations as "the head of the certifying agency, or any person in a supervisor role who has been specifically designated . . ." 8 C.F.R. § 214.14(a)(3).

31.     District Attorney George Brauchler is a certifying official pursuant to the applicable statute.

32.    Sheriff Darren Weekly is a certifying official pursuant to the applicable statute.

33.    The decision whether to issue a certification for a U Visa petition is a discretionary one. Romero-Hernandez v. D.C., 141 F. Supp. 3d 29, 32 (D.D.C. 2015); Linares v. Sheriff's Office of Broward Cnty., 588 Fed.Appx. 363, 363 (5th Cir.2014); Trevino v. Benton Cnty., Ark., 578 Fed.Appx. 626, 627 (8th Cir.2014) ("the district court did not abuse its discretion in denying Trevino's motion for U–Visa certification"); Bejarano v. Homeland Sec. Dep't, 300 Fed.Appx. 651, 653 (11th Cir.2008) ("any decision by the certifying official to sign or decline to sign the status certification is discretionary").

34.    *The U Visa Law Enforcement Resource Guide* published by the U.S. Department of Homeland Security advises that the "certifying agency should exercise discretion on a case-by-case basis…under federal law, there is no obligation to complete and sign Form I-918B." p. 10

35.    The Guide further advises "[i]f your agency has identified a person as a victim of a qualifying crime, *you can choose* to complete and sign the Form I-918B." (emphasis added)

36.    The Guide emphasizes that "[t]he decision whether to complete Form I-918B is at the discretion of the certifying agency." p. 14

37.    USCIS Form I-918B contains a signature space for the certifying official that states it is signed "under penalty of perjury," as well as a certification that the information in the form is "complete, true, and correct to the best of my knowledge…."

### House Bill 21-1060

38.    During the 2021 legislative session, the Colorado General Assembly passed House Bill 21-1060, An Act Concerning the Certification Process for the Purpose of Application for U Nonimmigrant Status [sic] (the "Act").

8

39.    On May 10, 2021, Governor Polis signed the Act.

40.    The Act took effect on September 1, 2021.

41.    The Act created Colorado Revised Statues Title 24, Article 4.1, Sections 401-406.

42.    The Act adopts the federal definitions of several terms.  C.R.S. § 24-4.1-401.

43.    The Act establishes increasingly draconian deadlines for certification that are at variance with Federal deadlines.  C.R.S. § 24-4.1-402.

44.    The Act specifically prohibits state officials from considering two (2) of the factors that federal law allows them to consider and for exercising discretion. C.R.S. § 24-4.1-403(3).    To underscore this limitation this section is titled "Limitation on Factors for Consideration".   "The certifying agency **shall not** consider **any other factors** in deciding whether to sign the certification form, except whether the individual was a victim of qualifying criminal activity and the victim's helpfulness, as specified in subsection (1) of this section." C.R.S. § 24-4.1-403(3)(emphasis added).

45.    The first factor that the Act prohibits state officials from considering is whether the applicant suffered substantial physical or mental abuse as a result of being a victim of qualifying criminal activity.  *Id*.

46.    The second factor that the Act prohibits state officials from considering is whether the applicant possesses information concerning the qualifying criminal activity.  *Id*.

47.    The Act also prohibits state officials from deciding whether an applicant has been helpful unless there is written documentation to the contrary, foreclosing independent judgment and discretion including whether the applicant told the truth.  C.R.S. § 24-4.1-403(2)(a).

48.    The Act mandates that a certifying official "shall execute and sign the certification

form" if only two specified—and redefined—factors are present. C.R.S. § 24-4.1-403

49.    While the Act adopts the federal language of whether the victim "has been helpful, is being helpful, or is likely to be helpful", the Act strips away any discretion from a certifying official and creates a  presumption in favor of the victim, unless there is documented evidence to the contrary.

50.    The Act adds notification requirements to the federal law.  "If a certifying official or agency declines to sign the certification form, the official or agency shall, in writing, notify the requester of the reason or reasons for the denial within the times set forth in section 24-4.1-402. The denial notification must contain a detailed explanation of the reason or reasons for the denial . . . ." C.R.S. § 24-4.1-403(7).

51.    The Act is enforced by reporting requirements that do not exist in federal law. "On or before September 1, 2022, and on or before each March 1 thereafter, a certifying agency that receives a request for a certification shall report to the division of criminal justice in the department of public safety on an annual basis and in aggregate form, subject to the restrictions set forth in section 24-4.1-404, the following  . . . ." C.R.S. § 24-4.1-406.

52.    The Act removes discretion from certifying officials to determine eligibility for "bystander victims," inconsistent with federal rules.

53.    The Act is enforced by the ability of the Attorney General to file suit to enforce after a referral by the Department of Public Safety.  C.R.S. § 24-4.1-303(17).

**Specific Examples**

54.    District Attorney Brauchler has recently exercised his discretion to deny a successive U-Visa application requested by a victim in a case that occurred over sixteen (16)

10

years ago due to the fact the applicant had applied years ago and received certification from the agency yet had not been granted a U Visa by the Department of Homeland Security.

55.     Under the scheme laid out in the Act, District Attorney Brauchler would be required to certify repeated applications from this applicant or similar applicants regardless of whether that served the ends of justice or the intent of the Federal Statute.

56.     Earlier this year, District Attorney Brauchler declined to certify a U-Visa application filed in June 2025 from a man claiming to be a victim of domestic violence harassment from 2006-2022. Even if the applicant's claims were true, any such acts would fall outside of Colorado's statute of limitations and would be unprosecutable in our criminal courts.

57.     Under the Act, unless there is documentation that this victim was unhelpful, District Attorney Brauchler is required to certify this application even though the victim cannot be helpful.

58.     Further, the domestic violence claims from this alleged victim come five years after a Colorado Supreme Court case brought finality to a fourteen year and highly contentious divorce in Colorado's court system.  Pursuant to the statute in question, District Attorney Brauchler is forbidden from considering the inexplicable delay in reporting by the claimed victim and the resulting inability to prosecute any potential offender. As long as the applicant expressed a willingness and availability to assist in an investigation of an unprosecutable case, Colorado's law would mandate District Attorney Brauchler certify the U-Visa application.

59.     Federal law mandates no such outcome.

60.     By exercising discretion to deny applications, Plaintiffs are at risk of suit by the Attorney General or the victim to enforce the statute.

## **FIRST CLAIM FOR RELIEF**

### **(Violation of Supremacy Clause – United States Constitution Article 6, Clause 2)**

61.    Plaintiffs incorporate paragraphs 1 through 60 as if stated herein.

62.    The Act violates Article 6, Clause 2 of the United States Constitution, the Supremacy clause.

63.    The Supremacy Clause of the United States Constitution provides that "[t]his Constitution, and the Laws of the United States which shall be made in Pursuance thereof … shall be the supreme Law of the Land … any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." Art. VI, cl. 2.

64.    "The Government of the United States has broad, undoubted power over the subject of immigration and the status of aliens." Arizona v. United States, 567 U.S. 387, 394 (2012).

65.    "Where Congress occupies an entire field, as it has in the field of alien registration, even complementary state regulation is impermissible." *Arizona*, at 401. "States may not enter, in any respect, an area the Federal Government has reserved for itself . . ." *Id*.

66.    Plaintiffs have standing to enforce this provision because they are subject to conflicting requirements by virtue of the Act's requirements.

### **SECOND CLAIM FOR RELIEF**

### **(Violation of Supremacy Clause – Obstacle Preemption)**

67.    Plaintiffs incorporate paragraphs 1 through 66 as if stated herein.

68.    State laws are preempted when the challenged law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress . . ." *Hines v.*

*Davidowtiz*, 312 U.S. 52, 67 (1941).

69. The Act violates the Supremacy Clause because it "stands as an obstacle to the accomplishment and execution of the full purposes and objective of Congress." United States v. Locke, 529 U.S. 89, 109 (2000).

70. The purpose of the U-Visa program is to "strengthen the ability of law enforcement agencies to detect, investigate, and prosecute cases of domestic violence, sexual assault, trafficking of aliens, and other crimes while offering protection to victims of such offenses in keeping with the humanitarian interests of the United States" Pub. L. 106-386, § 1513(a)(2)(A).

71. The intent of the U-Visa Program is to give "law enforcement officials a means to regularize the status of cooperating individuals during investigations or prosecutions." *Id*. The intent was never as a vehicle where there is a default presumption that simply making a complaint to law enforcement creates a right to certification.

72. The effect of the Act's presumptive approval requirement is to flood Federal Authorities with applicants who may not otherwise be qualified, or who have so long delayed their reporting of crime, that it is unprosecutable under Colorado law. This presents an obstacle not only to federal authorities in the process of attempting to screen for qualified applicants, but also to qualified applicants who have in some cases risked their safety and lives to cooperate with authorities.

73. The Act, as applied to Plaintiffs, prohibits them from considering all the federal factors and exercising their discretion and therefore presents an obstacle to the accomplishment of federal law.

13

## THIRD CLAIM FOR RELIEF

### (First Amendment Violation –

### Compelled Speech as elected officials under 42 U.S.C. § 1983)

74.    Plaintiffs incorporate paragraphs 1 through 73 as if stated herein.

75.    The Act forces Plaintiffs to make statements contrary to their professional judgment by forcing them to certify applications they would otherwise deny in their discretion, forcing them to speak when they would prefer to remain silent.

76.    The compels Plaintiffs to speak contrary to how they would normally speak in violation of 42 U.S.C. § 1983.

77.    Because the Act grants the Attorney General to file suit to enforce its provisions, Plaintiffs face direct threat of legal consequences should they not comply.

78.    Plaintiffs are elected officials, and their speech receives broad protections.  The United States' Supreme Court has found that the state has "no interest in limiting its legislators' capacity to discuss their views of local or national policy." *Bond v. Floyd*, 385 U.S. 116, 135, (1966)(emphasis added).  Therefore, even under strict scrutiny, the Act's limitations of what Plaintiffs can say and its attempt to compel their speech is unconstitutional.

79.    The State has expressed no need for eviscerating District Attorney Brauchler and Sheriff Weekly's constitutionally protected rights, both as citizens and elected officials, to state their views on whether an applicant for a U-Visa meets the requirements of Federal Law.

80.    The Act expressly violates the First Amendment of the U.S. Constitution by prohibiting certifying officials from exercising their discretion and opinions about applicants.

## **FOURTH CLAIM FOR RELIEF**

**(First Amendment Violation – Compelled Speech as Individual under 42 U.S.C. § 1983 as to**

**District Attorney Brauchler)**

81.    Plaintiffs incorporate paragraphs 1 through 80 as if stated herein.

82.    The Act forces District Attorney Brauchler to make statements contrary to their professional judgment by forcing them to certify applications they would otherwise deny in their discretion, forcing them to speak when they would prefer to remain silent.

83.    The compels District Attorney Brauchler to speak contrary to how they would normally speak in violation of 42 U.S.C. § 1983.

84.    Because the Act grants the Attorney General to file suit to enforce its provisions, Plaintiffs face direct threat of legal consequences should they not comply.

85.    In approving applications, District Attorney Brauchler must make a choice whether to falsely certify a Federal Form bring about the possibility of Federal Criminal or Civil sanctions, or whether to break Colorado and face enforcement by the Attorney General as authorized by the Act.  This impacts him not only as an elected official but as individual.

86.    The State has expressed no need for eviscerating District Attorney Brauchler's constitutionally protected rights, both as citizen and elected official, to state his views on whether an applicant for a U-Visa meets the requirements of Federal Law.

87.    The Act expressly violates the First Amendment of the U.S. Constitution by prohibiting certifying District Attorney Brauchler from exercising his discretion and opinions about applicants.

## PRAYER FOR RELIEF

**WHEREFORE**, the County prays the Court grants the following relief:

A.      Judgment in favor of the Plaintiffs and against the Defendants on all claims.

B.      That this Court enter a judgment declaring that the Act violates the Supremacy Clause and is therefore invalid;

C.      That this Court issue preliminary and permanent injunctions that prohibit Defendants as well as their successors, agents, and employees, from enforcing the challenged Act;

D.      That this Court award Plaintiff their costs and fees in this action; and

E.      That this Court enter a judgment declaring that the Act violates the First Amendment rights of District Attorney George Brauchler and Sheriff Darren Weekly and is therefore invalid;

F.      That this Court award any other relief it deems just and proper.

16

Respectfully submitted this 14th day of January 2026.

OFFICE OF THE COUNTY ATTORNEY
DOUGLAS COUNTY, COLORADO

 /s/  Andrew C. Steers
Andrew C. Steers #40139
Deputy County Attorney
Valerie Brewster, #43659
Sr. Assistant County Attorney
Douglas County Attorney Office
100 Third Street
Castle Rock, CO 80104
Telephone:  303-660-7414
FAX:   303-484-0399
E-mail: asteers@douglas.co.us
            vbrewster@douglas.co.us

Address of Plaintiff:
100 Third Street
Castle Rock, CO  80104